IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 19-CR-30058-NJR-2 |
| **JALON J. MOORE,** | |
| **Defendant.** | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Jalon Moore has filed a Motion to Reconsider Bond Determination and for Immediate Release (Doc. 101). Moore, who is currently detained at the Alton City Jail, claims he is at a high risk for contracting COVID-19 because he is kept in crowded conditions with no access to soap, hand sanitizer, or disinfectant spray. He also claims a staff member at the jail recently was in contact with an individual who tested positive for COVID-19. Moore asserts the Bail Reform Act, 18 U.S.C. § 3142(i), requires his pretrial release because the circumstances that existed when he was ordered detained have now changed.

In response, the Government argues that Moore is relying on the speculative prospect of a COVID-19 outbreak at the Alton City Jail, despite there being no documented cases at the jail (Doc. 106). Furthermore, Moore, a 23-year-old, has not alleged that he has any serious underlying medical condition or that he is a member of

an "at risk" population. The Government further argues that the pandemic is not a compelling reason to justify a reversal of the Court's original finding, nor does it change the Court's original findings that, by clear and convincing evidence, no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

While the Court acknowledges that the Bail Reform Act instructs courts to consider the "physical and mental health" of the defendant as one of the factors in its analysis, Moore has failed to meet his burden of showing his release is necessary under the circumstances. While Moore speculates that he is at high risk of contracting COVID-19, as of May 1, 2020, there were no reported cases of COVID-19 in the Alton City Jail. Moore also does not fall into any high-risk category recognized by the CDC. Additionally, the United States Marshals Service has implemented written guidelines and procedures for minimizing the risk to those in their custody, and the Alton City Jail has implemented procedures to prevent or minimize the infiltration of COVID-19 into the facility (*Id.* at pp. 4-6). In sum, Moore is not asking to be released because of his actual "physical and mental health" conditions but rather because of the possibility of becoming infected. This does constitute a changed circumstance that requires his release.

Finally, when considering the 18 U.S.C. § 3142(g) factors, the Court cannot find that a combination of conditions exists that can reasonably assure Moore's appearance and the safety of the community. Moore's claim that he is at high risk to contract COVID-19 does not change the Court's findings regarding the weight of evidence against him and the fact that he committed numerous "takeover" style armed robberies while on

probation for a firearm case. Moore also presents a flight risk, given that the bank robbery he committed resulted in over $120,000 being taken, very little of which has been recovered.

Based on these facts, the Court finds there is no change in circumstances requiring Moore's pretrial release. Accordingly, the Motion to Reconsider Bond Determination and for Immediate Release filed by Defendant Jalon Moore (Doc. 101) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   May 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**