IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JALON J. MOORE,<br><br>Defendant. | Case No. 3:19-CR-30058-NJR-2 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Sever Defendants (Doc. 109), a Motion to Dismiss Indictment (Doc. 108), and a Motion to Suppress Evidence (Doc. 110) filed by Defendant Jalon J. Moore. For the reasons set forth below, the Court denies the motions.

**I.     Motion to Sever (Doc. 109)**

Moore seeks to sever the defendants for trial, arguing that co-defendant Larry J. Rhines made post-arrest statements implicating himself and other defendants, and that severing defendants is warranted to avoid prejudice to Moore. Moore further argues that the evidence against him is "de minimis" compared to that against his co-defendants. The Government opposes the motion, arguing that severance is premature even in light of Rhines's statement because of the likelihood that cases of certain defendants will resolve without trial. The Government further disputes the notion that the evidence against Moore is de minimis, or that this would be a valid basis for severing defendants.

A. *Applicable Law*

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants alleged to have participated in the same acts or transactions. "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Shorter*, 54 F.3d 1248, 1258 (7th Cir. 1995) (quoting *United States v. Zafiro*, 506 U.S. 543, 537 (1993)). Federal Rule of Criminal Procedure 14 provides an exception to this principle, stating that trial courts may sever defendants for trial if a consolidated trial appears likely to result in prejudice. A trial court has discretion to sever defendants for trial. *United States v. Shue*, 766 F.2d 1122, 1135 (7th Cir. 1985). A defendant seeking a separate trial bears the burden of demonstrating prejudice beyond the mere fact that a separate trial offers a better chance of acquittal. *Id.* Prejudice to a defendant could result from a consolidated trial where evidence probative of guilt but not admissible against a particular defendant was introduced to the jury. *See Bruton v. United States*, 391 U.S. 123 (1968). When a nontestifying codefendant's confession is admitted, it will not violate the Confrontation Clause of the Sixth Amendment if it is presented with an appropriate limiting instruction to the jury and redacted to eliminate names of other joined codefendants. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

B. *Discussion*

Here, the Government concedes that defendants would have to be severed "if the case of co-defendant Rhines does not resolve" but argues that severance is premature now. Indeed, the Court agrees that this argument for severance is overly speculative at this time, given the likelihood that the cases of one or more of the codefendants will

resolve before trial. Moore may bring a renewed motion closer to trial should this appear likely to be a real issue.

As for Moore's other argument, that the evidence against him is "de minimis," the Seventh Circuit has already explicitly rejected the relative weight of evidence against one of a group of joined codefendants as a basis for severance. *United States v. Gonzalez*, 933 F.2d 417, 426 (7th Cir. 1991); *United States v. Sababu*, 891 F.2d 1308, 1331 (7th Cir. 1989). Accordingly, Moore's Motion to Sever is denied.

## II. Motion to Dismiss Indictment (Doc. 108)

Moore seeks to dismiss the indictment against him, arguing that it is vague, does not concisely state the essential facts constituting the offense, was returned by a grand jury with insufficient evidence before it, and charges Moore with laws that are illegal, void, and unconstitutional as applied in the indictment.

A. *Applicable Law*

Federal Rule of Criminal Procedure 7(c)(1) provides that an "indictment or information must [include] a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that an indictment is legally sufficient if it: (1) includes all elements of the crime charged, (2) informs the defendant of the nature of the charges, and (3) allows the defendant to use the judgement as a bar to future prosecutions for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003). "Indictments need

not exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997). An "indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 362 (1956). "An otherwise valid indictment cannot be challenged on the ground that the grand jury based it on inadequate or incompetent evidence." *United States v. Taylor*, 154 F.3d 675, 681 (7th Cir. 1998). A motion to dismiss an indictment is not "a means of testing the strength or weakness of the government's case." *United States v. Moore*, 563 F.3d 583, (7th Cir. 2009).

 B. *Discussion*

  Without exhaustively listing the elements of each offense in the indictment, the Court has generally reviewed the indictment and found that all of the elements are sufficiently alleged, and the indictment would suffice to put Moore on notice as to the crimes charged and act as a bar to future prosecutions for the same offense. While Moore claims that the indictment is vague, his argument is itself exceedingly vague, not pointing to any particular section of the indictment that he feels in unsatisfactory.

  As to the evidence upon which the indictment is based and its presentation to the grand jury, the Court notes that the quality of evidence upon which an indictment is based or that evidence's consideration by the grand jury is generally not grounds for dismissal of an indictment, and a motion to dismiss should not be based merely on an argument that the government's case is weak. Moore's motion does not cite specific facts or testimony which he feels should not have been presented to the grand jury, making

vague statements about hearsay and a lack of witness identification. These allegations are insufficient to support a motion to dismiss the indictment.

Similarly, Moore's statement that "The Indictment attempts to charge the Defendant under laws which are illegal, void and unconstitutional as applied to the Defendant in the instant Indictment" is vague and wholly unsubstantiated. The Court sees no indication that any of the counts in the indictment are illegal, void, or unconstitutional against Moore, and Moore's motion does not provide any elaboration.

In sum, Moore's motion to dismiss is meritless. While the Court has great patience with defendants in criminal cases, counsel should still take care not to present motions that are wholly baseless. The Motion to Dismiss Indictment is denied.

### III.  Motions to Suppress Evidence (Doc. 110)

Moore seeks to suppress evidence seized from his residence and automobile, arguing that search warrants lacked valid probable cause as they were based on false information, and he requests an evidentiary hearing. Moore additionally asserts, with no further elaboration, that the use of a "no knock warrant" violated his Fourth Amendment rights. The Government opposes the motion, arguing that the affidavits supporting the search warrant established probable cause and justified a no-knock warrant.

A. *Applicable Law*

A district court reviews a magistrate's issuance of a search warrant for clear error. *United States v. Pless*, 982 F.2d 1118, 1124 (7th Cir. 1992). A defendant bears the burden of proving that the search was illegal. *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985).

An affidavit establishes probable cause sufficient to support a search warrant when "considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006). "Probable cause denotes more than a mere suspicion, but does not require certainty." *United States v. Fleischli*, 305 F.3d 643, 651 (7th Cir. 2002). In making a probable cause determination, a magistrate must look at the facts laid out in the affidavit in a "practical, common-sense manner" assess whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

There is "a presumption of validity with respect to the affidavit supporting the search warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). To obtain an evidentiary hearing, the defendant's attack of the probable cause "must be more than conclusory" and must "be supported by more than a mere desire to cross-examine." *Id*. An evidentiary hearing is warranted only where a defendant:

> "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."

*Id.* at 155-56.

Law enforcement officers may enter a house to execute a warrant where after "notice of his authority and purpose," admittance is refused. 18 U.S.C. § 3109. A "no-knock" entry absent notice, however, is permissible where police justifiably believe that

notice would be dangerous, futile, or inhibit investigation. *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997); *United States v. Ramirez*, 523 U.S. 65, 73 (1998).

B. *Discussion*

Here, Moore opposes the probable cause determination based on his contention that the affidavit of the cooperating witness contained knowing false statements. This contention is conclusory and unsupported by facts, however, as Moore advances mere speculation based on the cooperating witness's criminal record. This information is insufficient to support Moore's request for an evidentiary hearing.

Similarly, Moore's contention that the no-knock search violated his constitutional rights is wholly unsupported. Affidavits from law enforcement support a justifiable belief that notice would have been dangerous, futile, and harmful to the investigation, given the nature of the arms used in the crimes under investigation and the potential for evidence to be destroyed or obscured. Accordingly, Moore's motion to suppress is denied.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Moore's Motions (Docs. 108, 109, 110).

**IT IS SO ORDERED.**

**DATED:** August 27, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**