IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JALON J. MOORE, <br><br> Defendant. | Case No. 3:19-CR-30058-NJR-2 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion for Payment Reduction (Doc. 240) filed by Defendant Jalon J. Moore regarding the payment of his criminal monetary penalties. Moore states that his repayment plan initially required monthly payments of $25, but due to money sent into his account, his payments increased substantially. Thus, he refuses to participate in making payments under the Inmate Financial Responsibility Program ("IFRP"). Such refusal carries certain negative consequences within the Bureau of Prisons ("BOP"). Moore seeks a court order permitting him to pay $25 every three months (or at the most $25 per month), so that he can participate in the IFRP and return to programing, working, and earning good conduct time.

Unfortunately, however, the Court is not responsible for collecting a fine imposed by a judgment. The Attorney General, not the courts, is "responsible for collection of an unpaid fine or restitution imposed by a judgment, 18 U.S.C. § 3612(c), and [the Attorney General] has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1),

which created the [IFRP] to facilitate collection. This delegation is proper." *In re Buddhi*, 658 F.3d 740, 742 (7th Cir. 2011) (citation omitted). Furthermore, "courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation . . . ." *Id.* (quoting *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008)).

Under the IFRP, the Bureau of Prisons assists prisoners in developing a financial plan for meeting their financial obligations. 28 C.F.R. § 545.10. When developing the plan, the unit staff is to consider both "institution resources or non-institution (community) resources," excluding $75 a month deposited into the inmate's trust fund account. *Id.* at § 545.11(b). Although the Seventh Circuit has held that a prisoner's participation in the IFRP is voluntary, there are significant consequences that may result from a prisoner's decision not to participate in the program. *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011); *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010); 28 C.F.R. § 545.11(d) (listing consequences of non-participation).

Under the IFRP, the BOP is permitted to consider money obtained from outside sources as available resource funds. Indeed, courts analyzing the IFRP have found that money obtained from outside sources, including money sent to the prisoner by family, constitutes "non-institution (community) resources," which are considered in creating the payment plan. *See McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999) (unit team's decision to count funds obtained through outside sources was expressly permitted by IFRP regulations); *see also Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010) ("[Section] 545.11(b) 'authorize[s] the Bureau to consider funds received from sources

other than prison work in determining whether an inmate is able to participate in the IFRP.' *Pierson v. Morris*, 282 F. App'x 347, 348 (5th Cir. 2008) (unpublished). We see no indication that family gifts are excluded from the category of 'non-institution (community) resources.'" (internal citation and quotations included)); *see also Moreno v. Hood*, 10 F. App'x 600, 601 (9th Cir. 2001) ("the BOP is permitted to collect payments from non-wage funds in [the prisoner's] account").

Moreover, the BOP has the unilateral discretion to increase an inmate's IFRP payment based on his available resources. *See McGhee*, 166 F.3d at 887. The Court has no authority to override that discretion. *See In re Buddhi*, 658 F.3d at 741-42 (7th Cir. 2011) (district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP payment plan installment).

Accordingly, the Court finds that the BOP, not the Court, properly maintains discretion to determine Moore's payment towards his financial penalties. The Court further finds that the BOP has the authority to increase Moore's payments based on his available resources. Accordingly, Moore's Motion for Payment Reduction (Doc. 240) is **DENIED**.

IT IS SO ORDERED.

DATED:   January 4, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**